**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **LINCOLN SAMUEL CASTILLO-CASTRO,**<br>**Petitioner,**<br>**v.**<br>**JOHN TSOUKARIS, *et al.*,**<br>**Respondents.** | **Case No. 26–cv–13073–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Lincoln Samuel Castillo-Castro's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1.)

1. Petitioner is a citizen of Ecuador. (ECF No. 7–1 p. 2.) Petitioner was stopped by border patrol on February 2, 2024 and processed for expedited removal. (*Id.*) He received a positive credible fear determination on February 23, 2024 and was released after being enrolled in the alternatives to detention (ATD) program. (*Id.*)

2. According to the October 2, 2026 Form I–213, he was removed from the ATD program on March 1, 2024 for absconding. (*Id.*)

3. Immigration and Customs Enforcement (ICE) detained petitioner on October 2, 2026 pursuant to 8 U.S.C. § 1226(a). (ECF No. 7–4 p. 2.)

4. According to the Form I–213, petitioner "was not offered bond due to eluding and resisting arrest." (ECF No. 7–1 p. 4.)

5. This Petition followed on October 6, 2026. (ECF No. 1.) Petitioner alleged that he was being held without bond pursuant to 8 U.S.C. § 1225(b)(2). (*Id.* ¶ 5.)

6. Respondents filed a letter on October 15, 2026 indicating that petitioner was being detained pursuant to § 1226(a) and that a bond hearing had been scheduled for October 8 but was rescheduled for October 15, 2026. (ECF No. 4.)

7. An immigration judge conducted a bond hearing on October 20, 2026. (ECF No. 7–7 pp. 2, 3.) The immigration judge denied bond after concluding petitioner was a flight risk. (*Id.* p. 2.)

8. On October 23, 2026, petitioner submitted a letter challenging the constitutional sufficiency of the bond hearing. (ECF No. 5.) He alleged that the immigration judge's "bond denial violated fundamental due process by relying on improper legal standards, failing to credit [p]etitioner's undisputed lack of criminal record, and misconstruing [p]etitioner's pro se filings." (*Id.* p. 1.)

9. At my request, respondents submitted a supplemental answer including the bond hearing transcript. (ECF No. 7.)

10. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

11. Respondents have confirmed that petitioner's detention is governed by § 1226(a). (ECF No. 7–4 p. 2.) "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026).

12. "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress … ." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require ICE to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well." *Id.*

13. Petitioner had a bond hearing. Thus, petitioner is not entitled to relief for the claims raised in the original Petition. I must now consider petitioner's challenge to the constitutional sufficiency of the bond hearing. (ECF No. 5.)

14. I lack jurisdiction to review any discretionary determinations underlying the immigration judge's bond decision, but I may review whether the bond hearing was fundamentally unfair. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21–1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022).

15. Due process has three essential elements in a fundamentally fair bond hearing. The noncitizen "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his interests." *Id.*

16. Petitioner was represented by counsel who submitted evidence and made arguments before the immigration judge. (ECF No. 7–6 pp. 4, 5.) Counsel emphasized that petitioner had no criminal history and disputed the Form I–213's assertion that petitioner was removed from the ATD program for absconding. (*Id.* p. 5.)

17. The Government's counsel conceded that she was unable to say for sure why petitioner had been removed from the ATD, stating that "the reason for termination [from the ATD] that I'm looking at is not the reason for termination in the I–213." (*Id.* p. 6.) She stated that the reason was "not an absconding" and that she did not "know how to interpret what [she was] looking at …." (*Id.*)[1]

18. The Government's counsel further indicated that the Enforcement and Removal Operations "has been setting bond for people who have relief and have not engaged in conduct during the arrest, that causes the officer to believe the person is resisting. [Petitioner] was not offered bond due to eluding and resisting" (*Id.* p. 7.) She clarified the eluding remark in the Form I–213 would not "be about [petitioner's] release in 2024 because he wasn't offered bond then." (*Id.*)

19. The immigration judge noted that petitioner did not have a criminal history and stated that he did not give much weight to the Form I–213. (*Id.* p. 10.) The immigration judge considered all the evidence and concluded that petitioner had not established that he would comply with an order to leave the United States. (*Id.* pp. 10, 11 (citing *Matter of R-A-V-P*, 27 I. & N. Dec. 803 (BIA 2020))); *see also Matter of A-L-S-*, 29 I. & N. Dec. 794, 797 (BIA 2026) ("Inherent in the concept of flight risk is not only whether the [noncitizen] will appear at future hearings before the Immigration Judge, but also whether the [noncitizen]is likely to comply with future orders of the Immigration Judge.")

20. Petitioner has not shown that the bond hearing was fundamentally unfair.

[1] ICE has since corrected petitioner's Form I–213 to remove the absconding notation. (ECF No. 7–8.)

Accordingly,

**IT IS** on this **19th** day of **November 2026** **ORDERED** that:

1. The Petition at ECF No. 1 is **DENIED**.

2. Any restrictions imposed by this Court on petitioner's location are **LIFTED**.

3. The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**